UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JACK F. BRAKEBILL, *et al.*,              )
                                           )
              Plaintiffs,                  )
                                           )
v.                                         )          No. 3:14-CV-105-TAV-CCS
                                           )
HERBERT MONCIER, ESQ., *et al.*,          )
                                           )
              Defendants.                  )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court,

and Standing Order 13-02.  The parties appeared before the undersigned through counsel on June

10, 2014, for a discovery status conference and hearing to address various motions pending

before the undersigned.  The Court has heard and considered the parties' positions, and for the

reasons more fully stated on the record, it is **ORDERED** that:

1.  The Plaintiffs' Motion to Withdraw as Attorney **[Doc. 38]** filed by Attorney

    Stephen Perry is **GRANTED**.  The Court finds that continuity of counsel for the

    Plaintiffs is ensured, and the Court finds that the Defendants do not object[1] to Mr.

    Perry withdrawing as counsel.  Attorney Stephen Perry is **RELIEVED** of his

    duties as counsel in this case.

2.  The Plaintiffs' Motion to Stay Depositions Pending Ruling of Applicability of

    *Younger* Doctrine **[Doc. 37]** is **DENIED**.  The Court finds that the Plaintiffs have

    not shown good cause for delaying discovery in this matter.  The Court finds that

    the parties have completed their Rule 26(f) conference and submitted a discovery

---

[1] To the extent the Defendants have objected to the form of the request, the Court will address those objections below.

plan [Doc. 45]. Thus, the Court finds that it is in the parties' interests to undertake discovery that is likely to aid in the speedy disposition of this case.

3. The Plaintiffs' Motion for Protective Order **[Doc. 46]** is **DENIED AS MOOT**. The Defendants agreed to delay the depositions at issue until after certain document production is completed and until after the Court conducts a discovery status conference at 9:30 a.m. on July 22, 2014. The Court finds that this agreement renders the Plaintiffs' request moot, and the Court finds that the related request for fees and expenses is moot.

4. Defendant Herbert Moncier's Motion to Strike and Provisional Response **[Doc. 49]** is **DENIED AS MOOT**. Mr. Moncier moves the Court to Strike the Motion for Protective Order [Doc. 46],[2] based upon the failure to include a good faith certification. Because the Motion for Protective Order has been denied as moot, the Court finds that this Motion to Strike and Provisional Response is also moot. Additionally, the parties are **ADMONISHED** that in the future a motion – or equivalent request for relief – **SHALL NOT** be combined with a response to a previous motion.

5. Defendant Herbert Moncier's Motion to Strike and Provisional Response **[Doc. 50]** is **DENIED AS MOOT.** Again, Mr. Moncier moves the Court to Strike the Motion for Protective Order [Doc. 46] and potentially the Motion to Stay [Doc. 37], based upon the failure to include a good faith certification. Because the Motion for Protective Order has been denied as moot and the Motion to Stay has been denied, the Court finds that this Motion to Strike and Provisional Response

---

[2] The body of this motion does not directly reference the Motion for Protective Order [Doc. 46]. However, Mr. Moncier designated this document as relating to the Motion for Protective Order [Doc. 46] when it was filed in CM/ECF, and the Court has treated it as such.

is also moot.  Again, the parties are **ADMONISHED** that in the future a motion –
or equivalent request for relief – **SHALL NOT** be combined with a response to a
previous motion.

6.  Plaintiffs' Supplemental Motion for Protective Order **[Doc. 51]** is **DENIED AS
    MOOT**.  Plaintiffs seek leave to supplement their previous Motion for Protective
    Order to add a good faith certification.  The Court has addressed the Motion for
    Protective Order, despite its lack of certification, and the Court finds that this
    request is now moot.  Additionally, the Court finds that the related request for fees
    and expenses is moot.

7.  Defendant Herbert Moncier's Motion to File Motion and Materials Under Seal
    **[Doc. 53]** is **DENIED**.  Mr. Moncier has not shown good cause for filing these
    documents under seal pursuant to E.D. Tenn. L.R. 26.2, and consistent with E.D.
    Tenn. ECF R & P at § 12, the Clerk of Court will remove the proposed sealed
    documents from the record.

8.  To the extent the proposed sealed documents constituted a motion to strike
    portions of Mr. Perry's Motion to Withdraw as counsel, the motion to strike is
    **DENIED**.  Similarly, to the extent Mr. Moncier made an oral motion to strike
    portions of Mr. Perry's Motion to Withdraw, based upon the allegedly
    disparaging and irrelevant allegations contained therein, this oral motion is
    **DENIED**.  However, counsel for all of the parties are **ADMONISHED** that both
    their oral representations and written representations to the Court **SHALL
    ADDRESS** the relevant issues and **SHALL NOT** include superfluous
    information or information that is only meant to disparage opposing counsel.

3

9.  The Plaintiffs' Second Motion to Supplement Motion for Protective Order **[Doc. 57]** is **DENIED AS MOOT**.  Plaintiffs seek leave to supplement their previous Motion for Protective Order.  The Court has addressed the Motion for Protective Order, and the Court finds that this request is now moot.  Additionally, the Court finds that the related request for fees and expenses is moot.

10. Mr. Moncier **SHALL SERVE** the Rule 34 document requests described at the hearing on counsel for the Plaintiffs on or before June 14, 2014.  The parties **SHALL RESPOND** on or before **July 14, 2014** to the document requests that have been served and are pending on or before June 14, 2014.

11. Counsel for the parties **SHALL HOLD OPEN** July 25, July 30, August 4, August 5, August 6, August 8, August 11, August 14, August 15, August 18, August 19, and August 20 as potential dates for conducting depositions.

12. Counsel for the parties **SHALL APPEAR** before the undersigned on **July 22, 2014, at 9:30 a.m.** for a status conference to address discovery in this matter.  The parties are *strongly encouraged* to discuss and schedule depositions, to the extent they are able, prior to appearing before the undersigned.

13. The parties are **ADMONISHED** to conduct this litigation in a manner that will not waste the parties' and the Court's resources and will ensure the "just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge