UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JACK F. BRAKEBILL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-105-TAV-CCS |
| | ) | |
| HERBERT MONCIER, ESQ., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. The parties appeared before the undersigned through counsel on July 22, 2014, for a discovery status conference and to address the Plaintiffs' Motion to Quash Depositions [Doc. 74].

At that time, the Court heard lengthy oral arguments from the parties, and for the reasons more fully stated on the record, the Court will **QUASH** the pending Notices of Depositions pursuant to Fed. R. Civ. P. 26(c)(1)(A) and Fed. R. Civ. P. 45(d)(3). The Court finds that the "rolling schedule" proposed by Mr. Moncier, whereby numerous persons are required to appear on a single day and each is required to sit through the deposition of other persons before their own examination, is not appropriate in this case, especially where many of the persons proposed for such depositions are key witnesses, whose depositions are likely to take hours to complete. Moreover, the schedule proposed is so compacted that it would impose an undue burden on counsel.

The Court announced this ruling at the hearing. Thereafter, the Court asked each party to state the persons it sought to depose and the order in which it proposed for those depositions

should be taken. In addition, the Court conferred with each of the attorneys in the case to confirm that they were available on the dates to be selected for depositions. After conferring with counsel, the Court announced a revised deposition schedule pursuant to Fed. R. Civ. P. 26(c)(1)(C). Consistent with the ruling announced at the hearing, it is **ORDERED**:

1. The deposition of **Jack Brakebill** shall take place on **August 4, 2014** and it shall be scheduled for a full day of examination[1];

2. The deposition of **Jim Parks** shall take place on **August 5, 2014**, from 9:30 a.m. to 10:30 a.m.;

3. The deposition of **Donna Brakebill** shall also take place on **August 5, 2015**, from 10:30 a.m. to 12:30 p.m. and from 1:30 p.m. to 5:00 p.m., with a break for lunch from 12:30 p.m. to 1:30 p.m.;

4. The deposition of **Melissa Mancini** shall take place on August 18, 2014, and it shall be scheduled for a full day of examination[2];

5. The deposition of **Stephen Perry** shall take place on **August 19, 2014**, and it shall be scheduled for a full day of examination;

6. The deposition of **Morris Kizer** shall take place on **September 3, 2014**, from 9:00 a.m. to 12:00 a.m.;

7. The deposition of **Dale Montpelier** shall take place on **September 4, 2014**, and it shall be scheduled for a full day of examination;

8. The deposition of **David Wigler** shall take place on **September 11, 2014**, from 9:00 a.m. to 12:00 p.m.;

---

[1] The parties agreed and the Court deemed that a "full day of examination" in the context of these depositions is from 9:00 a.m. to 12:00 p.m. and 1:00 p.m. to 5:00 p.m. with an hour break for lunch from 12:00 p.m. to 1:00 p.m., unless otherwise stated.

[2] To accommodate counsel's schedule, Ms. Mancini's deposition shall commence at 9:30 a.m. – rather than the 9:00 a.m. designated for other full-day depositions.

9. The deposition of **Joseph Della-Rodolfa** shall take place on **September 24, 2014**, and it shall be scheduled for a full day of examination;

10. The deposition of **John Winters** shall take place on **September 25, 2014**, from 9:00 a.m. to 12:00 p.m.;

11. The deposition of **Katherine Young** shall take place on **November 13, 2014**, and it shall be scheduled for a full day of examination; and

12. The deposition of **J. Michell Brakebill-Wilkerson** shall take place on **November 21, 2014**, and it shall be scheduled for a full day of examination.

The Court took its time to schedule these depositions with counsel because the parties' attorneys appear to be wholly incapable of doing so on their own. It is the Court's expectation that counsel for the parties will work together to resolve any conflicts that may arise with reference to these depositions without the necessity of the Court's intervention. However, the Court's role in scheduling these depositions should not be interpreted as a waiver of any privilege or other objection to examination by a party or deponent, nor should it be interpreted as a ruling by the Court on such issues. With regard to the pending Motion to Quash Subpoena (for the Deposition of Katherine Young) [Doc. 87], the Clerk of Court is **DIRECTED** to send notice setting the motion for hearing at **9:30 a.m. on August 12, 2014**.[3]

Further, as the Court announced at the hearing, these depositions are being taken for purposes of this case. To the extent any dispute arises regarding the scope of the examination, such disputes will be evaluated under Fed. R. Civ. P. 26(b)(1) and with reference to the pleadings in the instant case. The depositions noticed or subpoenaed by the Plaintiffs will take place at the

---

[3] Consistent with the Court's admonition at the hearing, the parties are **DIRECTED** to follow the briefing schedule and guidelines contained in E.D. Tenn. L.R. 7.1 and are not to make numerous supplemental filings. Moreover, and consistent with the deadlines set by E.D. Tenn. L.R. 7.1, the Court will not entertain any filings received less than one full business day prior to the hearing.

office of Plaintiffs' counsel.  The depositions noticed or subpoenaed by the Defendants will take place at the office of Defendants' counsel.  To the extent a discovery dispute arises, the Court will deny, without hearing or full briefing, any, motion that does not contain a certification of conferral consistent with Fed. R. Civ. P. 37 *at the time of filing*.  Additionally, the parties' elections to take these depositions less than 180 days after the filing of this lawsuit is an election they make at their own peril.  As the Court explained at the hearing, the parties will not be heard to complain later that the depositions were taken too early to fully develop testimony.  No supplemental depositions will be permitted absent a specific showing of ***extraordinary good cause.***

    **IT IS SO ORDERED**.

                ENTER:

                s/ C. Clifford Shirley, Jr.
                United States Magistrate Judge