UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JACK F. BRAKEBILL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-105-TAV-CCS |
| | ) | |
| HERBERT MONCIER, ESQ., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Bifurcate Discovery on Plaintiffs' Damages and to Limit Use of Attorney Billing Records [Doc. 86]. The Court heard oral arguments on this motion on October 9, 2014, and the Court has considered the parties' filings on this issue, [see Docs. 86, 92, 95]. The Court finds that the Motion to Bifurcate Discovery on Plaintiffs' Damages and to Limit Use of Attorney Billing Records is now ripe for adjudication, and for the reasons stated herein, it is **DENIED**.

### I. POSITIONS OF THE PARTIES

Plaintiffs move the Court to enter an order bifurcating discovery on the issue of Plaintiffs' damages. Consistent with bifurcation, Plaintiffs move the Court to delay production of Plaintiffs' attorneys' billing records offered to prove Plaintiffs' damages – and to delay any

discovery related thereto – until Defendant Herbert Moncier's[1] dispositive motions have been adjudicated. Further, Plaintiffs move the Court to limit use of the billing records and any related discovery "strictly to the issue of Plaintiffs' damages." [Doc. 86 at 9].

In support of their position, Plaintiffs argue that in "light of Defendant['s] hardened position that Plaintiffs' have filed a frivolous action that cannot withstand either a motion to dismiss or a motion for summary judgment, and that abstention is mandatory in the alternative, there is no need to litigate the issue of Plaintiffs' damages until those preliminary matters are addressed by the Court." [Id. at 6].

Plaintiffs also argue the billing records at issue are extremely detailed and contain sensitive information. Plaintiffs are especially concerned that any billing records that are provided to Defendant in this case will be used in related cases currently pending in state court. [Id. at 3]. Plaintiffs acknowledge that portions of the records that are protected by the attorney-client privilege or are protected by the work-product doctrine could be redacted from the production provided to Defendant. However, Plaintiffs assert that, despite any redactions, "an enormous wealth of information will remain in those hundreds of billing records that go directly to Plaintiffs' strategy, discussions with counsel, and the actions of counsel in the State cases that can cause extreme prejudice to Plaintiffs when disclosed." [Id.].

Defendant responds that the Plaintiffs are the author of their own problems. Defendant maintains that, if the Plaintiffs did not want to participate in discovery in this case, they should not have filed the case. Defendant argues that the billing records are relevant to the substance of Plaintiffs' claim that Defendant violated 42 U.S.C. § 1983, not just Plaintiffs' damages, because

---

[1] When the Motion to Bifurcate Discovery on Plaintiffs' Damages and to Limit Use of Attorney Billing Records [Doc. 86] was initially filed, there were three defendants in this case: J. Michell Brakebill-Wilkerson, James J. Wilkerson, Jr., and Herbert S. Moncier. The Plaintiffs have now dismissed their claims against J. Michell Brakebill-Wilkerson and James J. Wilkerson, Jr.

2

Plaintiffs claim that Defendant violated constitutional rights by depleting their resources through frivolous litigation. [Doc. 92 at 3].

II.   ANALYSIS

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." Gettings v. Building Laborers Local 310 Fringe Benefits Fund, 349 F.3d 300, 304 (6th Cir. 2003) (quoting Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir.1999)). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" Gettings, 349 F.3d at 304 (quoting Muzquiz v. W.A. Foote Memorial Hosp., Inc., 70 F.3d 422, 430 (6th Cir.1995)).

The law of this Circuit speaks to staying, or bifurcating, discovery where dispositive legal determinations may eliminate the need for discovery. Consistent with this standard, Plaintiffs argue that the motion to dismiss pending in this case may eliminate the need for discovery. Additionally, Plaintiffs argue that the information contained in the billing records and other discovery related to attorneys' fees should be kept confidential and, therefore, a stay or bifurcation is appropriate. The Court will address each of these contentions in turn.

A.   *Dispositive Legal Determinations*

As noted by the Plaintiffs, the Defendant maintains that the Plaintiffs' claims are not viable and, alternatively, that the Court must abstain from litigating the claims under a variety of doctrines. This point is uncontested. The Plaintiffs contend that the Court should delay discovery of any attorney billing records until these issues are adjudicated.

However, cases in which bifurcation of discovery is permitted often involve specific, unambiguous theories in favor of dismissal, Williams v. Owensboro Bd. of Educ., 2009 WL

3210649, at *1 (W.D. Ky. Sept. 30, 2009), or claims in which a particular adjudication or finding is a condition precedent to analysis of a second component, see Smith v. Allstate Ins. Co., 403 F.3d 401, 407 (6th Cir. 2005) ("Because the merits of the bad faith claim depended on whether the limitations provision was valid, it was reasonable for the court to resolve the validity question before allowing the bad faith claim to proceed."). The theories underlying Defendant's motions for dismissal and/or abstention and their application are not so clear-cut in this case. Specifically, the Plaintiffs' claims that the Defendant injured Plaintiffs and violated their constitutional rights through malicious prosecution and frivolous litigation appears to move the attorneys' fees issue from an issue exclusively tied to damages to a potential substantive component of Plaintiffs' claims. Thus, the undersigned is not prepared to find that "legal determinations [on these issues] could not have be[] altered by any further discovery." See Gettings, 349 F.3d at 304.

Parties often agree, or the Court will sometimes order, discovery bifurcated in cases where billing records are *only* relevant to a statutory award of attorneys' fees following a favorable adjudication – for example, in a case under the Fair Debt Collection Practices Act. However, the Court cannot say that the attorneys' fees issue and discovery of billing records in this case are analogous to discovering financial information for the sole purposes of a statutory award of attorneys' fees as in such cases.

Accordingly, the Court finds that it is not appropriate to exercise its discretion and inherent power to stay discovery of the billing records until preliminary questions that may dispose of the case are determined.

4

Case 3:14-cv-00105-TAV-CCS   Document 228   Filed 11/14/14   Page 4 of 6   PageID #: 5597

B.   *Confidentiality and Privacy Concerns*

The Plaintiffs devote the majority of their argument to the position that discovery of the billing records should be delayed to prevent dissemination of the confidential or private information contained therein.  As the Plaintiffs have acknowledged, any information that is protected pursuant to the attorney-client privilege or the work-product doctrine may be redacted from production, so long as it is accompanied by an appropriate privilege log.  Thus, the issue before the Court is whether discovery should be bifurcated to protect information that is not privileged but is otherwise sensitive.

The Court has considered the parties' positions, both as presented in this motion and as presented in the Plaintiffs' previous request for a protective order governing discovery in this case.  After thorough deliberation, the Court modified a proposed protective order and entered a revised Protective Order in this case on November 12, 2014.  To the extent the Court found the Plaintiffs' concerns about disclosure of information in the state court cases to be well-founded, the Court included provisions in the Protective Order that will protect sensitive information in this case from disclosure in the pending state court cases.  Thus, the Court finds that the Protective Order [Doc. 225], entered November 12, 2014, appropriately addresses the Plaintiffs' concerns about disclosure of the billing entries and related discovery.  With the Protective Order in place, the Court finds that the Plaintiffs' concerns about disclosure are nullified and cannot serve as a valid basis for bifurcating discovery of the billing records and related discovery, at this juncture.

Accordingly, the Court finds that it is not appropriate to exercise its discretion and inherent power to stay discovery of the billing records based upon privacy and confidentiality concerns.

Case 3:14-cv-00105-TAV-CCS   Document 228   Filed 11/14/14   Page 5 of 6   PageID #: 5598

### III. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiffs' Motion to Bifurcate Discovery on Plaintiffs' Damages and to Limit Use of Attorney Billing Records **[Doc. 86]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge