UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JACK F. BRAKEBILL, | ) | |
| DONNA BRAKEBILL, and | ) | |
| TRUST OF JACK AND DONNA BRAKEBILL | ) | |
| by and through its trustee DONNA BRAKEBILL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:14-CV-105-TAV-CCS |
| | ) | |
| HERBERT S. MONCIER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendant Herbert S. Moncier's Appeal to
the District Court for Relief from Protective Orders (Docs. 224, 225 and 266) [Doc. 268]
and supplemental motions [Docs. 270, 273, 276]; Motion for Extension to File a Notice
of Appeal [Doc. 269]; Motion for Extension to File a Notice of Appeal from the January
9, 2015 Memorandum Order of the Magistrate Judge (Doc. 266) [Doc. 274]; and Motion
to Lift the Stay to Consider Granting Relief from the Protective Order [Doc. 284].

The history and facts of this case are set forth in the Court's Memorandum
Opinion and Order dated December 17, 2014 ("abstention and stay order") [Doc. 262].
In that order, the Court stayed the case and held it in abeyance until the criminal
contempt proceedings in Knox County Chancery Court case number 156011-1 have been

fully resolved.[1]    The Court, however, made an exception from its stay order for defendant's Motion to Revise This Court's Order of Confidentiality and Provisional Objections [Doc. 235].

Thereafter, Magistrate Judge Clifford Shirley, Jr. issued a Memorandum Opinion and Order dated January 9, 2015, in which he denied defendant's motion to revise the Court's protective order [Doc. 266].  In this order, Judge Shirley noted that the Court issued the protective order after "extensive briefing and a two-and-a-half-hour hearing" [*Id.* at 2].  He described how defendant has not demonstrated any basis for reconsidering the previous order, and that the "motion to revise" was, in substance, a request to reconsider the protective order [*Id.*].  In defendant's motion, he had requested the Court permit him to share information he gained through discovery in this case with additional persons, which the magistrate judge rejected, finding he did not show good cause for such sharing and that permitting him to do so would undercut the purposes of the protective order [*Id.* at 2–3].  Defendant also requested the Court to order the state courts that were addressing other litigation between the parties to this suit to enter a protective order [*Id.* at 3].  Judge Shirley rejected this request, noting that he is charged with managing discovery matters in this Court, not with instructing other courts how to operate their own discovery [*Id.*].

---

[1] *W. Lynn Brakebill v. Jack F. Brakebill*, Knox County Chancery Court No. 156011-1, filed March 9, 2012 [Doc. 262].

Defendant also moved the Court to modify the protective order in order to have it apply only to plaintiffs, Jack and Donna Brakebill ("the Brakebills"), in their individual capacities, and not to documents produced by Brakebill Nursing Home ("BNH"). Judge Shirley noted that the Court had previously considered the issue of whether the protections would apply to BNH as a third party, and it determined that it was appropriate to protect information produced by BNH through discovery in this case [*Id.*]. Accordingly, the magistrate judge found the request not to be well taken [*Id.* at 4]. Finally, defendant moved the Court to stay the protective order for fourteen days to allow a period for objections and to permit defendant to review plaintiffs' confidentiality designations [*Id.*]. Judge Shirley similarly rejected this request because it found that during the pendency of the motion, defendant had sufficient time to review the confidentiality designations and to make any objections [*Id.*]. In the alternative, he found the request rendered moot by the Court's decision to stay the litigation [*Id.*].

Defendant subsequently appealed to this Court the protective order and Judge Shirley's order denying defendant's motion to revise the protective order [Docs. 268, 270, 273, 276]. He also filed a motion for the Court to lift the stay in order to consider those motions [Doc. 284]. Finally, defendant filed multiple motions for extensions of thirty days to file notices of appeal from the Court's abstention and stay order and the magistrate judge's order denying defendant's motion to revise the protective order [Docs. 269, 274].

3

Plaintiffs filed a preliminary response to defendant's appeal of the Court's protective order and motion for an extension of time to file an appeal of the Court's abstention and stay order [Doc. 271]. In this response, plaintiffs noted that they consider the stay order to prohibit defendant's motions and any meaningful response, and that they wish to be heard on the motions should the Court not summarily deny them [*Id*]. Defendant replied, asserting many of the same arguments as his initial motion [Doc. 272].

Having reviewed the parties' filings, the record, and the relevant law, the Court is prepared to rule on defendant's pending motions. For the reasons set forth below, the Court will deny defendant's appeal of both the protective order and Judge Shirley's order denying defendant's motion to revise the protective order. As the Court is ready to rule on defendant's pending motions, his motion for the Court to lift the stay to consider such motions is now moot [Doc. 284]. The Court will grant in part defendant's motion for an extension of time to file a notice of appeal of the Court's abstention and stay order, but will deny defendant's motion for an extension of time to file a notice of appeal of the Court's order denying defendant's motion to revise the protective order.

## I.      Appeal of the Protective Order

In defendant's motion and supplemental motions [Docs. 268, 270, 273, 276], defendant asks the Court to reconsider the orders entered by Judge Shirley on November 12, 2014, and January 9, 2015 [Docs. 224, 225, 266], which ruled on Plaintiff's Motion for Entry of Standard Protective Order [Doc. 85], and defendant's motion to revise the protective order [Doc. 235]. In his motion, defendant argues that the Brakebills have no

4

standing to seek a protective order on behalf of BNH, and have a personal conflict of interest in being provided protections against the use of materials produced by BNH, as such materials may establish their alleged criminal wrongdoing [Doc. 268 pp. 2–3]. Next, defendant asserts that plaintiffs and third-party plaintiffs are using the protective order to "obstruct the use of non-privileged materials" in the pending state criminal and civil proceedings [*Id.* at 2], and "to impede information [from] being available in the state courts, regardless of its source or nature, that was somehow involved in the discovery in this case" [Doc. 270 p. 3]. Defendant submits that construing the protective order to require duplication of non-privileged materials obtained in this case is contrary to securing a just, speedy, and inexpensive determination of the state-court proceedings [Doc. 268 p. 5], and that it is against federal comity and public policy for a protective order to prevent use of non-privileged information in a prior pending state proceeding [*Id.* at 3].

Defendant also asserts that requiring him to reproduce non-privileged information through discovery in the criminal contempt proceedings, where he has no discovery right, impedes his ability to produce information "in vindication of the Court's authority" [*Id.* at 4–5]. Finally, defendant states that the magistrate judge's order denying his motion to revise the protective order is wrong because: (a) there has been an intervening change of controlling law; (b) there is new evidence available; (c) there is a need to correct a clear error or prevent manifest injustice; and (d) the protective order limits his ethical duties, in violation of the Rules of Professional Conduct [*Id.* at 15–17].

## A. Standard of Review

In his motion, defendant makes many of his arguments pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Court finds, however, that Rule 72 is more appropriate in this context, as he is appealing two pretrial orders that were entered by Magistrate Judge Shirley. *See* Fed. R. Civ. P. 72 advisory committee note ("The last sentence of subdivision (a) specifies that reconsideration of a magistrate's order, as provided for in the Magistrates Act, shall be by the district judge to whom the case is assigned.").

Plaintiff's Motion for Entry of Standard Protective Order [Doc. 84] was before the magistrate judge pursuant to 28 U.S.C. § 636(b). That provision provides: "A judge of the court may reconsider any pretrial matter under [28 U.S.C. § 636(b)(1)] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Moreover, Rule 72(a) provides that a district judge must "set aside any part of [a nondispositive] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). As the instant matter is nondispositive, this Court will "consider defendants' objections and set aside the magistrate judge's findings only if they are 'clearly erroneous or contrary to law.'" *Hardesty v. Litton's Mkt. & Rest., Inc.*, No. 3:12-CV-60, 2012 WL 6046697, at *1 (E.D. Tenn. Dec. 5, 2012) (citing *Nisus Corp. v. Perma–Chink Sys., Inc.*, 327 F. Supp. 2d 844, 848 (E.D. Tenn. 2003)). This standard mandates that the district court affirm the magistrate's decision unless, "on the entire evidence, [it] is left with the

6

definite and firm conviction that a mistake has been committed." *Id.* (citing *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)).[2]

### B.    Plaintiff Has Standing to Seek a Protective Order

First turning to defendant's objection that plaintiff has no standing to seek a protective order on behalf of BNH, the Court notes that Judge Shirley specifically considered this claim when ruling on defendant's motion to revise the protective order [Doc. 224 p. 2].    While his order does not specify the reasons why plaintiffs have authority to seek a protective order for nonparty BNH, upon further review, the Court finds it was not erroneous for Judge Shirley to have issued a protective order on behalf of BNH.

Courts have held that a party to litigation may seek a protective order on behalf of a subpoenaed nonparty when his own interests are implicated through the discovery sought. *Cabell v. Zorro Prods., Inc.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013).  In *Cabell v. Zorro Productions, Inc.*, a music composer brought suit against a production company

---

[2] Rule 72 also supplies the timeframe in which motions to reconsider must be filed: a party must file any objections to a magistrate judge's order "within 14 days after being served with a copy."   Magistrate Judge Shirley entered the order imposing a protective order on November 12, 2014.  By operation of the Court's electronic filing system, the order was served on plaintiffs' counsel the same day.  Thus, any objections were due on or before November 29, 2014, which is fourteen days after service of the order plus three days as provided for in Rule 6(d) of the Federal Rules of Civil Procedure.  On November 23, 2014, defendant filed a Motion to Revise this Court's Order of Confidentiality and Provisional Objections [Doc. 235], which the magistrate judge denied on January 9, 2015 [Doc. 266].  Defendant filed his appeal of the protective order and the magistrate judge's decision to not revise the protective order on January 16, 2015, within fourteen days of the magistrate judge's denial of his motion to revise.  Although defendant did not appeal the protective order to this Court within fourteen days of that order, he did appeal the protective order within fourteen days of Judge Shirley denying his motion to revise.  As such, and without opposition from plaintiffs, the Court will construe defendant's appeal as being timely.

for a declaratory judgment of non-infringement injunctive relief, cancellation of

trademark registrations, and monetary damages. During discovery, the music composer

issued subpoenas to five nonparty entertainment companies, prompting the production

company to seek a protective order. While recognizing the district court's "broad

discretion" to issue a protective order, the court noted that "[a]lthough typically only the

recipient of a subpoena has standing to assert objections, 'a party has standing to

challenge a subpoena issued to third parties where its own interests may be implicated.'"

*Id.* (citing *Johnson v. Bancorp*, No. C11-02010 RAJ, 2012 WL 6726523, at \*2 (W.D.

Wash. 2012)). As a result, the court found that because the subpoenas sought

confidential information that implicated the production company's privacy interests and

bore on its business relationships with licensees, the production company had standing to

seek a protective order. *Id.* at 608. *See also Johnson v. U.S. Bancorp*, No. C11-02010

RAJ, 2012 WL 6726523, at \*2 (W.D. Wash. Dec. 27, 2012) (reasoning that the defendant

bank had standing to challenge a subpoena issued to a nonparty because the nonparty was

an officer of the defendant bank, and the defendant's privacy interests may be

implicated); *Koh v. S.C. Johnson & Son, Inc.*, No. C09-00927 RMW, 2011 WL 940227,

at \*2 (N.D. Cal. Feb. 18, 2011) (holding that plaintiff had standing to challenge the

subpoenas or seek a protective order on behalf of the subpoenaed nonparties because his

motion was "based on his own privacy rights and the irrelevance of the information

sought"); *Adams v. United States*, No. CIV 03-0049-E-BLW, 2010 WL 55550, at \*3 (D.

Idaho Jan. 5, 2010) (noting that because defendant sought material from nonparties that

8

related to agreements between plaintiffs and nonparties, plaintiffs had standing to object to the subpoenas); Procedure for Obtaining Protective Orders, 8A Fed. Prac. & Proc. Civ. § 2035 (3d ed.) (analyzing that "[a] party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself, but a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person").

Turning to the instant dispute, Jack Brakebill holds a fifty-percent share in BNH, a closely-held corporation [Doc. 1 p. 4] and is one of two directors of BNH [Doc. 85 p. 2]. This case contains a § 1983 claim against defendant based entirely on his alleged actions in the criminal contempt proceedings [Doc. 262 p. 5, Doc. 1 pp. 58-64]. The criminal contempt proceedings arise out of an injunction that was issued against Jack Brakebill with respect to his powers and roles as Chief Financial Officer of BNH [Docs. 262 p. 4, 1 p. 5, 64-1 p. 8]. BNH has already produced hundreds of pages of sensitive business information [Doc. 224 p. 2], and defendant sought discovery from plaintiffs of documents that pertained to the value of BNH [Doc. 85 p. 2]. This information sought through discovery from nonparty BNH implicates Jack Brakebill's role and involvement with BNH, and pertains to the underlying injunction against him in his official capacity at BNH. As a result, the Court finds that Judge Shirley was not in error when he found that plaintiff could seek a protective order on behalf of BNH, as his interests were implicated and could be jeopardized through that discovery.

9

Similarly, the Court finds defendant's argument that plaintiffs have a personal conflict of interest in being provided protections against the use of materials produced by BNH, because such materials may establish their alleged criminal wrongdoing, to be unavailing. Jack Brakebill has standing to seek a protective order on behalf of BNH, and the Court finds that whether the protected materials could establish his criminal wrongdoing is a matter to be adjudicated in the criminal contempt case, which is docketed in Knox County Chancery Court as case number 156011-1 [Docs. 64-1 pp. 4–5; 202 p. 10].

### C. The Magistrate Judge's Imposition of the Protective Order was Not Clearly Erroneous

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26. As the Supreme Court has held, judicial limitations on a party's ability to use information discovered in a case through a protective order "implicate[ ] the First Amendment rights of the restricted party to a far lesser extent than would restraints on dissemination of information in a different context." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). It further described how the "unique character" of the discovery process necessitates providing the trial courts with "substantial latitude" to issue protective orders. *Id.* at 36. The Supreme Court concluded that a protective order does not offend the First Amendment "where, as in this case, [it] is entered on a showing of good cause as required by Rule 26(c), is

10

limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources." *Id.* at 37.

The Sixth Circuit has since upheld protective orders that were limited to pre-trial civil discovery and that did not restrict information from being used or disseminated if gained from other sources. *See, e.g.*, *The Courier Journal v. Marshall*, 828 F.2d 361, 367 (6th Cir. 1987) (holding the protective orders to be consistent with *Seattle Times*, and finding that they were entered into for good cause after "fairly balancing" the right of access to the "presumptively nonpublic fruits of civil discovery" with the right to obtain discovery).

In the instant case, Judge Shirley found that plaintiffs had demonstrated good cause for entry of a protective order in order to protect them and BNH "from the annoyance and oppression imposed by making certain financial information public" [Doc. 224 p. 4]. The showing of good cause consisted of balancing the plaintiffs' concern that BNH has produced hundreds of pages of sensitive business information and that defendant sought production of additional financial documents, with defendant's interest in not limiting discovery. In his order, Judge Shirley notes that plaintiffs expressed concern that discovery in this case would be "used" in the pending state-court proceedings. He then noted that the meaning of the term "use" in the context of the protective order was discussed "at length" at the hearing. Upon consideration of both parties' positions, he found it appropriate to "preclude the use of the information disclosed, through discovery in this case, in other cases, *absent* production of the same

11

documents through discovery in the state court case(s)" [Doc. 224 p. 5]. To reiterate his

holding, Judge Shirley again noted, "the Court will preclude the parties . . . from referring

to the documents produced in any manner outside of this litigation. This preclusion

would bar use in the state court, *absent* production of the same documents through the

discovery in the state court case(s)" [Doc. 224 p. 5].

In defendant's motion now before the Court, defendant first argues that plaintiffs

and third-party plaintiffs are using the protective order to "obstruct the use of non-

privileged materials" in the pending state criminal and civil proceedings [Doc. 268 p. 2].

Defendant claims plaintiffs are using the protective order in the state cases "to impede

information [from] being available in the state courts, regardless of its source or nature,

that was somehow involved in the discovery in this case" [Doc. 270 p. 3]. "Mention of

anything in state court of materials from [BNH] or testimony of non-privileged and non-

confidential information from deponents . . . brings about accusations, expense, confusion

and delay in the state proceedings" [*Id.* at 7]. Defendant states that "any prospective

application" of the protective order for discovery that was not previously designated as

being privileged or confidential "is no longer equitable," and that "any reason for the

protective order was removed by the stay" [Doc. 270 p. 2]. Construing the protective

order to require duplication of non-privileged materials obtained in this case, he argues, is

contrary to securing a just, speedy, and inexpensive determination of the state-court

proceedings [Doc. 268 p. 5]. He claims that it is against federal comity and public policy

for a protective order to prevent use of non-privileged information in a prior pending state

12

proceeding [*Id.* at 3]. He also asserts that requiring him to reproduce non-privileged information through discovery in the criminal contempt proceedings, where he has no discovery right, impedes his ability to produce information "in vindication of the Court's authority" [*Id.* at 4–5].

After careful consideration of Judge Shirley's memorandum and protective order under the clearly erroneous standard, as well as defendant's objections and plaintiffs' response, the Court finds the protective order was entered for good cause. Judge Shirley appropriately balanced the plaintiff's desire to be free from the annoyance and oppression of making certain documents and financial information public, with defendant's desire to obtain complete discovery and use this discovered information in the state proceedings. He imposed a protective order that did not cast as "wide [of a] protective net" as the plaintiffs had requested, and that would not impose an undue burden on defendant [Doc. 224 p. 4]. He concluded that the information obtained through discovery in this case cannot be used in the state-court proceedings absent production of the same document in those cases, only after considering both parties' arguments and positions on the term "use" [*Id.* at 5]. The order is also limited to pre-trial discovery and does not restrict information from being disclosed if gained from other sources. In sum, the Court is not left with the "definite and firm conviction that a mistake has been committed." *Hardesty*, 2012 WL 6046697, at *1. Accordingly, the protective order will be upheld.

13

**D.    The Magistrate Judge's Decision to Not Revise the Protect Order Was Not Clearly Erroneous**

Defendant next argues that the magistrate judge's order denying his motion to revise the protective order is erroneous because: (a) there has been an intervening change of controlling law; (b) there is new evidence available; (c) there is a need to correct a clear error or prevent manifest injustice; and (d) the protective order limits his ethical duties, in violation of the Rules of Professional Conduct [Doc. 268 pp. 15–17].

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and the "inherent power" that district courts possess, a court may reconsider interlocutory orders or reopen portions of a case before a final judgment is entered. *See Johnson v. Dollar Gen. Corp.*, No. 2:06-CV-173, 2007 WL 2746952, at *2 (E.D. Tenn. Sept. 20, 2007) (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). A court may do so when it finds there has been an intervening change of controlling law, there is new evidence available, or there is a need to correct a clear error or prevent manifest injustice. *Rodriguez*, 89 F. App'x at 959. In his January 9, 2015 order, Judge Shirley considered defendant's request for him to reconsider or revise the protective order pursuant to the Rule 54(b) standard, and denied defendant's motion [Doc. 266]. Judge Shirley found there has not been an intervening change in controlling law, there was no new evidence regarding this issue, and there was no need to correct a clear error [*Id.* at 2].

Defendant appeals Judge Shirley's order to this Court, asserting that the Court's order abstaining from exercising its jurisdiction and staying the case [Doc. 262] is an intervening change of controlling law with respect to (1) the protective order, which permitted plaintiffs to designate previously discovered materials as being privileged or confidential; (2) the interests of the Tennessee courts in materials being available in the pending state criminal and civil cases in a just, speedy, and inexpensive manner; and (3) defendant's duties to the Court to vindicate the Court's interest in prosecuting the state criminal contempt proceedings [Doc. 268 p. 16]. Defendant also argues that new evidence was presented in Documents 243, 251, 263, and 264, rendering a need for the protective order to be revised [*Id*]. Defendant also states that there is a need to correct Judge Shirley's clear error in allegedly not considering that (1) the Brakebills do not have authority to move for a protective order on behalf of BNH; (2) the Brakebills have personal conflicts of interest in impeding the use of BNH materials; and (3) the effect the requirement of duplicating materials in the state proceedings would have in adjudicating them in a just, speedy, and inexpensive manner [*Id.*]. Finally, defendant argues that his ethical duties are limited by the protective order, in violation of the Tennessee Rules of Professional Conduct 1.2 and 1.4 [*Id.* at 17].[3]

---

[3] The Court assumes defendant is citing to the Tennessee Rules of Professional Conduct, as defendant's argument pertains to his ethical duties in the underlying Tennessee state-court proceedings.

15

Reviewing Judge Shirley's order for clear error, the Court is not left with the "definite and firm conviction that a mistake has been committed." *Hardesty*, 2012 WL 6046697, at \*1. Judge Shirley did not err in finding that the abstention and stay order did not constitute a change in controlling law. The Court is also not persuaded there is a need to revise the protective order in light of the allegedly "new evidence" that was presented in defendant's filings to the Court, and as a result, Judge Shirley did not commit a clear error in finding the same. Similarly, the Court does not find that there is a need to correct a clear error based on what Judge Shirley allegedly did not consider in ordering the protective order, as the Court finds the Brakebills have standing to move for a protective order on behalf of BNH and do not have a personal conflict of interest in doing so. Finally, the Court notes that defendant argues the protective order limits his ethical duties, in violation of the Rules of Professional Conduct. As this is not an intervening change of controlling law or new evidence, at best this argument would fall into the clear error category. Upon review of defendant's argument relating to the Rules of Professional Conduct, the Court does not find there is a need to correct a clear error or to prevent manifest injustice.

Accordingly, the Court finds that Judge Shirley's decision to not revise the duplication requirement was not the result of a clear error. Despite the protective order, defendant still attempts to use materials discovered in this case in the state court proceedings, thus demonstrating that the protective order is still equitable, even though

the case is stayed.  For these reasons, the Court affirms Judge Shirley's order denying

defendant's motion to revise the protective order.

## II.    Motions for Extensions to File Notice of Appeals

Defendant has also filed two motions for an extension of time to file a notice of

appeal [Docs. 269, 274].  In his first motion, defendant requests the Court to grant him a

thirty day extension to file a notice of appeal from the Court's abstention and stay order

[Doc. 262].  In his second motion, defendant requests the Court to grant him a thirty day

extension to file a notice of appeal from the magistrate judge's order denying his motion

to revise the protective order [Doc. 266].

Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice

of appeal must be filed within thirty days after entry of the judgment or order that is

being appealed.  Fed. R. App. P. 4(a)(1)(A).  Under 28 U.S.C. § 1291, courts of appeals

have jurisdiction to hear appeals from "all final decisions" of district courts.  In order to

determine whether the Court should grant defendant an extension to file a notice of

appeal of either of these orders, the Court must first determine whether the abstention and

stay and the magistrate judge's order each constitutes a "final decision."  28 U.S.C. §

1291.

Turning first to the Court's abstention and stay order, the Supreme Court has held

that when a federal court stays a suit pending resolution of a state suit, and the federal

court contemplates that it will "have nothing further to do in resolving any substantive

part of the case" because the state court will be "an adequate vehicle for the complete and

17

prompt resolution of the issues between the parties," then the stay order is a final decision. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 28 (1983). The Supreme Court cautioned that an order does not become final "merely because it may have the practical effect of allowing a state court to be the first to rule on a common issue." *Id.* at 34. Rather, it held "only that a stay order is final when the sole purpose and effect of the stay is precisely to surrender jurisdiction of a federal suit to a state court." *Id.* It later noted that that an abstention-based stay order is appealable as a "final decision" when it "puts the litigants effectively out of court." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713 (1996) (citation omitted). This occurs when the state court's judgment on the issue would have a res judicata effect in federal court, thus causing the stay order act as a dismissal of the suit. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 10.

The instant motion appears to fall into the *Moses H. Cone Memorial Hospital* line of reasoning because the issues in the federal suit, which are stayed pending resolution of the state-court litigation, are intertwined with the issues in the state-court proceedings. Plaintiffs did not substantively respond to defendant's motion, and asked for an opportunity to do so if the Court was inclined to grant one of defendant's motions [Doc. 271 pp. 1–2]. Accordingly, the Court will afford plaintiff fourteen days to file a response to defendant's motion seeking an extension of time to file a notice of appeal from the Court's abstention and stay order, in which plaintiff should address the *Moses H. Cone Memorial Hospital* case. Defendant will thereafter have seven days to file a reply to plaintiff's response.

18

Turning next to the magistrate judge's order denying defendant's motion to revise the protective order, the Supreme Court has held that it has "generally denied review of pretrial discovery orders." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981); 15B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3914.23, p. 123 (2d ed. 1992)). The Sixth Circuit has similarly dismissed appeals from orders granting protective orders. *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981) (describing discovery orders as "generally not appealable," so the plaintiff's appeal of an order limiting his discovery was premature). Other circuits have done the same. *See, e.g.*, *E.E.O.C. v. Mitsubishi Motor Mfg. of America, Inc.*, 102 F.3d 869, 871 (7th Cir. 1996) (holding that the district court's order directing the E.E.O.C. to not use specific information it gathered through the case was not appealable because it was "no different from a limitation on discovery," and thus "any error can be corrected at the end of the case"); *S.E.C. v. Sloan*, 535 F.2d 679, 681 (2d Cir. 1976) (stating that the protective order granted as to certain interrogatories was not an appealable final order).

The Court therefore finds that the magistrate judge's order denying defendant's motion to revise the protective order is not a final decision that is immediately appealable. Accordingly, defendant's motion for an extension of time to file a notice of appeal of that order is denied.

19

III.    **Conclusion**

For these reasons, the Court **DENIES** defendant's appeal of the protective order and supplemental motions [Docs. 268, 270, 273, 276]. Defendant's motion to lift the stay to consider granting relief from the protective order is hereby **MOOT** [Doc. 284]. Plaintiff is **DIRECTED** to respond to defendant's motion for an extension of time to file a notice of appeal of the abstention and stay order [Doc. 269] within **fourteen days** from the entry of this order. Defendant will have **seven days** from the filing of plaintiff's response to reply. Defendant's motion for an extension of time to file a notice of appeal of the Court's order denying defendant's motion to revise the protective order is **DENIED** [Doc. 274].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

20