UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JACK F. BRAKEBILL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.: 3:14-CV-105-TAV-CCS |
| | ) |
| HERBERT S. MONCIER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the District Court's Order [Doc. 307] of referral.

Now before the Court is Plaintiffs'/Appellees' Motion to Supplement the Record for Purposes of Appeal [Doc. 306]. By way of background, the District Court entered an abstention and stay order [Doc. 262] in this case on December 17, 2014, due to ongoing criminal contempt proceedings involving several of the above captioned parties in the Knox County Chancery Court. Following the stay, a flurry on motions continued to be filed. Without getting into the lengthy and complicated procedural posture of this case or the criminal contempt proceedings, the Court notes that Defendant Moncier filed a Notice of Appeal [Doc. 304] on February 3, 2016, and Plaintiffs likewise filed a Notice of Cross-Appeal [Doc. 305] two days later. As to Defendant Moncier's appeal, he contests the District Court's decision to stay the case prior to ruling upon a number of his motions, including a Motion For Relief From this Court's December 17, 2014 Abstention-Stay Order Due to the Knox County Chancery Court Order Denying Defendant's Motion [Doc. 283] which was denied by the undersigned [Doc. 298] as moot. Pertinent to the instant motion before this Court, Defendant Moncier referred to a previously

1

filed exhibit [Doc. 282-1] – a transcript from the Chancery Court's oral ruling on a motion in the criminal contempt proceedings – in his motion for relief from the stay.

In the instant motion now before this Court, Plaintiffs move to correct the record on appeal pursuant to Federal Rule of Appellate Procedure 10(e)(2) to include certain documents that were made part of the Chancery Court proceedings. Specifically, Plaintiffs seek to supplement the record on appeal by including: (1) Plaintiff Jack Brakebill's Post Hearing Brief on Motion to Dismiss for Prosecutorial Misconduct [Doc. 306-1, exhibit to the instant motion], which was filed in Chancery Court against Defendant Moncier in an effort to dismiss the criminal contempt proceedings, and (2) the Chancery Court's two-page order denying the Motion to Dismiss for Prosecutorial Misconduct and the accompanying transcript of the Chancery Court's oral ruling denying the motion [Doc. 306-2, exhibit to the instant motion]. Other than the transcript, the post-hearing brief and Chancery Court order were not previously part of the record in this Federal Court case.

Plaintiffs submit that Defendant Moncier's motion for relief from the stay essentially takes the position "that the Chancery Court exonerated him [of prosecutorial misconduct] and that such 'fact' should have been considered by this Court notwithstanding the previous stay of the case." [Doc. 306 at 2]. Plaintiffs contend, however, that the post-hearing brief is pertinent to the issues on appeal because it allegedly demonstrates that the Chancery Court failed to consider a number of critical Due Process issues and that Defendant Moncier was therefore not cleared of all wrongdoing. Additionally, Plaintiffs argue that the Sixth Circuit Court of Appeals is "missing essential portions" of the Chancery Court transcript which is not only pertinent to several of the issues raised on appeal, but that the transcript in its entirety also demonstrates that the District Court properly stayed the case in regard to Defendant Moncier's motions. Plaintiffs explain that

they did not have the opportunity to make the post-hearing brief or the Chancery Court's order and transcript a part of the record because the District Court entered the stay before Plaintiffs could file relevant pleadings attaching the documents as exhibits. Moreover, with specific regard to the transcript, Plaintiffs state that Defendant Moncier, in his motion for relief from the stay, purported to attach as an exhibit the transcript but failed to do so by either error or accident and only attached a "short snippet" of the transcript instead.

The Defendants did not file a response to the instant motion, and the time for doing so has expired. See E.D. Tenn. L.R. 7.1(a), Fed. R. Civ. P. 6(d), 5(b)(2)(E).

Federal Rules of Appellate Procedure 10(e) provides, in pertinent part, that "if any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record confirmed accordingly." Fed. R. App. P. 10(e)(1). The Rule further explains, "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . . by the district court before or after the record has been forwarded." Fed. R. App. P. 10(e)(2)(B). In interpreting Rule 10(e), the Sixth Circuit Court of Appeals has held the following:

> Under Federal Rules of Appellate Procedure ("Fed. R. App. P.") 10(a), the record on appeal consists of "the original papers and exhibits filed in the district court, the transcript of the proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court." In general, the appellate court should have before it the records and facts considered by the district court. S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co., 678 F.2d 636, 641 (6th Cir. 1982). See, e.g., In re Capital Cities/ABC, Inc., 913 F.2d 89, 96 (3d Cir. 1990) ("we do not take testimony, hear evidence or determine disputed facts in the first instance. Instead, we rely upon a record developed in those fora that do take evidence and find facts.") (quoting Sewak v. INS, 900 F.2d 667, 673 (3d Cir. 1990)).

3

> The district court has only a narrow band of discretion to change or modify the record on appeal. Fed. R. App. P. 10(e) allows modification of the record in only two instances; namely, when the parties dispute whether the record actually discloses what occurred in the district court and when a material matter is omitted by error or accident. See also Jones v. Jackson Nat'l Life Ins. Co., 819 F. Supp. 1385, 1386 (W.D. Mich. 1993); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3d Cir. 1986), cert. denied, 481 U.S. 1070 (1987) and USA Petroleum Co. v. Atlantic Richfield Co., 13 F.3d 1276, 1279 (9th Cir. 1994) (stating that summary judgment record cannot be supplemented on appeal). This court has not allowed the rule to be used to add new evidence that substantially alters the record after a notice of appeal has been filed but has permitted only enough modification to ensure the accuracy of the record. S & E Shipping, 678 F.2d at 641. This court reviews only the materials and facts considered by the trial court in reaching its decision, and the "only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court." Jones, 819 F. Supp. 1385, 1387 (quoting Fassett, 807 F.2d 1150, 1165). See, e.g., Kirshner v. Uniden Corp., 842 F.2d 1074, 1077 (9th Cir. 1988) (refusing to supplement the record with papers not filed with the district court or admitted into evidence); John Hancock Mutual Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994) (denying motion to supplement the record with documents not before the district court) and Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1423 (10th Cir. 1992) (same).

Canaday v. Kelley, No. 93-1860, 1994 WL 567512, at *11 (6th Cir. 1994) (Table).

As an initial matter, the Court finds that the transcript of the Chancery Court's oral ruling, in its entirety, is already part of the record. Plaintiffs are correct that only a "snippet" of it was attached to [Doc. 283], but are mistaken that the whole transcript was not made part of the record, whether by error or accident. Rather, the Court observes, that the entire transcript was previously filed as an exhibit to a prior motion in this case [see Docs. 282 & 282-1] and that the motion for relief from the stay specifically "referenced" the transcript as an exhibit previously filed with the Court [see Doc. 283 at 2] rather than filing a duplicate transcript already filed as an

4

exhibit in a different filing.  As a result, the Court finds that transcript of the Chancery Court's oral ruling is not "omitted from or misstated in the record by error or accident."

As to the post-hearing brief and the Chancery Court's order that accompanied the transcript of the oral ruling, the Court finds that unlike the transcript, these "missing" documents consist of the Chancery Court's record only and not this Court's record.  Indeed, Plaintiffs concede that these documents originated "from the Chancery Court record."  [Doc. 306 at 3]. Neither the post-hearing brief nor the Chancery Court's order has ever been made part of the filings in this case.  Additionally, this Court has never had occasion to consider these documents prior to the instant motion.  The "record," for purposes of Rule 10(e), is papers, exhibits, pleadings, etc., filed in the Federal District Court, not the Chancery Court.  See Canaday, 1994 WL 567512, at *11.  Therefore, it does not appear that *this* Court's record needs correction or modification.

For these reasons, the Court finds the Plaintiffs'/Appellees' Motion to Supplement the Record for Purposes of Appeal [**Doc. 306**] is not well-taken, and the same is **DENIED**.

    **IT IS SO ORDERED.**

                                                 ENTER:

                                                 s/ C. Clifford Shirley, Jr.
                                               United States Magistrate Judge