UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JACK F. BRAKEBILL, ) | |
| DONNA BRAKEBILL, and ) | |
| TRUST OF JACK AND DONNA ) | |
| BRAKEBILL by and through its ) | |
| Trustee DONNA BRAKEBILL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:14-CV-105-TAV-DCP |
| ) | |
| HERBERT S. MONCIER, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral [Doc. 339] by the District Judge.

Before the Court are Defendant's Motion to Disqualify Attorneys [Doc. 331], Motion for Second Enlargement for Mediation [Doc. 336], and Motion to Correct Motion to Disqualify Counsel [Doc. 337]. After Defendant's filing of the initial Motion to Disqualify Attorneys, Defendant filed a Notice of Withdrawal of Motion to Disqualify as to Attorney Stephen K. Perry [Doc. 333].[1] Plaintiff filed a Response to Defendant's Motion to Correct Motion to Disqualify Counsel [Doc. 338]. For the reasons set forth below, the Court **RECOMMENDS** that the Motion to Disqualify Attorneys [Doc. 331], the Motion for Second Enlargement for Mediation [Doc. 336], and the Motion to Correct Motion to Disqualify Counsel [Doc. 337] be **DENIED** without

---

[1] The Court notes that Docket entry 331 is listed as "[WITHDRAWN PER DOC. 333]" such that it appears to no longer be pending before the Court. However, in the Notice of Withdrawal [Doc. 333], Defendant states that he is withdrawing his Motion to Disqualify [Doc. 331] as to Attorney Stephen K. Perry only. Thus, Defendant's Motion to Disqualify [Doc. 331] remains pending as to Attorneys Dale J. Montpelier and Joseph F. Della-Rodolfa.

prejudice.

This case was stayed on December 17, 2014, by District Judge Thomas A. Varlan due to pending state court proceedings and administratively closed during the period of the stay [Doc. 262]. On January 28, 2021, the Court entered an Order finding that the state court proceedings had been concluded and lifting the stay such that Defendant was able to proceed on his counter claims and third-party claims [Doc. 325]. The Court entered an additional Order on January 28, 2021, directing the parties to mediate this action in good faith within ninety (90) days of the entry of the Order pursuant to E.D. Tenn. L.R. 16.4(a) and staying this action in light of the order of mediation [Doc. 326]. The Court later extended the deadline for the parties to engage in mediation to July 27, 2021, by Order entered on April 20, 2021 [Doc. 329]. The Court finds that the instant motions are not properly before the Court as they were filed in violation of the stay implemented by the District Judge.

Based on the foregoing, the Court **RECOMMENDS**[2] that the Motion to Disqualify Attorneys [**Doc. 331**], the Motion for Second Enlargement for Mediation [**Doc. 336**], and the Motion to Correct Motion to Disqualify Counsel [**Doc. 337**] be **DENIED** without prejudice. The undersigned recommends denying the motions without prejudice so that Defendant may request to pursue the disqualification issues through the filing of an appropriate motion to lift the stay for

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

2

that specific purpose with appropriate briefing by the parties.³

                                                      Respectfully Submitted,

                                                      */s/ Debra C. Poplin*
                                                      Debra C. Poplin
                                                      United States Magistrate Judge

---

³ The undersigned makes no finding as to the merits of the disqualification issue, as the Court lacks sufficient information or argument to consider this issue from the parties' current filings; however, the Sixth Circuit has been skeptical of an opposing counsel's standing to raise a conflict-of-interest challenge against counsel for the adverse party. *See Willis v. First Bank Nat'l Ass'n*, 916 F.2d 714 (Table), at *1 (6th Cir. 1990) ("[W]e note that plaintiff's standing to assert opposing counsel's alleged conflict of interest is questionable at best . . . .").